UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| YAHYA (JOHN) LINDH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 2:14-cv-151-JMS-WGH |
| DIRECTOR, FEDERAL BUREAU | ) |
| OF PRISONS, in his official capacity, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO INTERVENE**

Presently pending before the Court is a Motion to Intervene filed by Timmy K. Elian, Richard Albright, Amber Lambert, Lisa R. Murphy, Georgette Thornton, and Lisa M. Tullis (collectively, "Petitioners"). [Filing No. 37.] Petitioners claim they have a "common vested interest in this litigation" brought by Plaintiff Yahya (John) Lindh against Defendant Director, Federal Bureau of Prisons (the "Defendant") and ask the Court to grant them leave to intervene pursuant to Federal Rule of Civil Procedure 24. [Filing No. 37.] The Defendant objects to Petitioners' request. [Filing No. 38.] For the following reasons, the Court's **DENIES** the Petitioners' Motion to Intervene. [Filing No. 37.]

**I.**
**GENERAL BACKGROUND**

Mr. Lindh is a Muslim prisoner at the Federal Correction Institution in Terre Haute, Indiana. [Filing No. 1 at 1.] On May 23, 2014, Mr. Lindh filed this action against the Defendant, alleging that the Defendant's policy prohibiting Muslim prisoners from wearing their pants above their ankles violates the Religious Freedom Restoration Act ("RFRA"). [Filing No. 1 at 5 (citing 42 U.S.C. § 2000bb-1).]

1

Mr. Lindh filed his action as a putative class action and later sought class certification pursuant to Federal Rule of Civil Procedure 23. [Filing No. 6.] The Court denied Mr. Lindh's request for class certification, [Filing No. 27], and the Seventh Circuit Court of Appeals has granted Mr. Lindh leave to appeal that decision, [Filing No. 29]. Discovery has continued while Mr. Lindh pursues his interlocutory appeal. [Filing No. 39; Filing No. 40.]

Petitioners now move to intervene in this action pursuant to Federal Rule of Civil Procedure 24. [Filing No. 37 at 1.] The Defendant opposes that request. [Filing No. 38.]

## II.
### DISCUSSION

Petitioners allege that they have personally witnessed discrimination against Muslim prisoners "in other Federal prisons and State prisons nationwide." [Filing No. 37 at 1.] Petitioners claim to be aware of numerous allegedly discriminatory practices that violate certain prisoners' sincerely held religious beliefs, including instances where prisoners were forced to cut their hair, not allowed to wear their pants above their ankles, provided food that did not comply with diets requested for religious reasons, "illegally shipped" to the Terre Haute federal prison, not allowed to speak Arabic, and not allowed to practice group prayer. [Filing No. 37 at 1-2.] Petitioners claim that because they "have a common vested interest in this Litigation," they should be allowed to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b). [Filing No. 37 at 1.]

The Defendant objects to Petitioners' request. [Filing No. 38.] The Defendant points out that Petitioners' motion is not sworn under the penalties of perjury, that it appears that some of them are state prisoners not subject to the Defendant's policy regarding pant length at issue in this litigation, and that Petitioners do not allege that they share Mr. Lindh's religious beliefs or are similarly situated to him. [Filing No. 38 at 1-2.] The Defendant also makes a cursory challenge

2

to the timeliness of the Petitioners' motion, claiming any intervention would unduly delay the case. [Filing No. 38 at 2.]

Intervention exists to allow non-parties to defend their interests in ongoing litigation, but it must simultaneously ensure that a single lawsuit does not become "unnecessarily complex, unwieldy, or prolonged." *Shea v. Angulo*, 19 F.3d 343 (7th Cir. 1994) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)).  A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. Pro. 24(c).

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right, stating in relevant part that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  If a petitioner does not assert that he has an interest relating to the property or transaction that is the subject of the action, it follows that he also has no direct legally protectable interest that could be impaired or impeded. *Wade v. Goldschmidt*, 673 F.2d 182, 186 (7th Cir. 1982).  Rule 24(b)(1)(B) provides for permissive intervention, such that "[o]n timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."[1]

---

[1] Although Petitioners do not distinguish between the subsections, the Court presumes they are requesting permissive intervention pursuant to Rule 24(b)(1)(B), given that they do not cite a federal statute that they claim gives them a conditional right to intervene pursuant to Rule 24(b)(1)(A).

Even assuming that Petitioners' Motion to Intervene is timely, it still must be denied.[2] At issue in this litigation is Mr. Lindh's claim that the Defendant's policy prohibiting Muslim prisoners from wearing their pants above their ankles violates RFRA. [Filing No. 1 at 5 (citing 42 U.S.C. § 2000bb-1).] Petitioners have no basis to intervene as a matter of right pursuant to Rule 24(a)(2) because there is no "property or transaction" at issue in this litigation in which they could have an interest. As for permissive intervention under Rule 24(b)(1)(B), Petitioners do not sufficiently plead a claim or common question of law or fact that they share with Mr. Lindh or his claim. They do not allege that they are incarcerated in the federal Bureau of Prisons and subject to the Defendant's policy regarding pant length. Even if they are, they do not allege that they are Muslim or that they hold a sincerely held religious belief regarding the length of their pants. In sum, the Petitioners do not allege that they are similarly situated to Mr. Lindh such that permissive intervention is justified.

Instead, Petitioners generally allege that they have personally witnessed discrimination against unnamed Muslim prisoners in an array of contexts "in other Federal prisons and State prisons nationwide." [Filing No. 37 at 1.] Petitioners' general allegations are not enough to demonstrate a shared question of law or fact with Mr. Lindh's claim at issue in this litigation. For these reasons, the Court denies Petitioners' Motion to Intervene. [Filing No. 37.]

---

[2] The Defendant briefly contend that Petitioners' motion should be denied as untimely, but he does not cite case law or develop that argument other than to point out that the motion was filed 30 days before the discovery deadline. [Filing No. 38 at 2.] Failure to sufficiently develop an argument results in waiver. *See Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) ("As we have often said, it is not this court's responsibility to research and construct the parties' arguments.").


### III.
#### CONCLUSION

For the reasons detailed herein, the Court **DENIES** Petitioners' Motion to Intervene. [Filing No. 37.] The Clerk is directed to terminate the Petitioners as intervenors on the Court's docket in this action.

DATE: July 6, 2015

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

GEORGETTE THORNTON
769078
ARRENDALE STATE PRISON
Inmate Mail/Parcels
2023 GAINESVILLE HWY SOUTH
PO BOX 709
ALTO, GA 30510

AMBER LAMBERT
181498
CENTRAL MISSISSIPPI CORRECTIONAL FACILITY
Inmate Mail/Parcels
PO BOX 88550
PEARL, MS 39208

LISA M. TULLIS
280307
JULIA TUTWILER PRISON FOR WOMEN
Inmate mail/parcels
8966 US HWY 231 N
WETUMPKA, AL 36092

LISA R. MURPHY
760343
MCPHERSON UNIT
Inmate mail/parcels
302 CORRECTIONS DRIVE
NEWPORT, AR 72112

RICHARD ALBRIGHT
LD2583
SCI - BENNER TOWNSHIP
Inmate Mail/Parcels
301 INSTITUTION DRIVE
BELLEFONTE, PA 16823

**Electronic Distribution via CM/ECF:**

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov